**J. C. SPACH WAGON WORKS, Inc. v. UNION PASTE CO.**

**GLOBE PARLOR FURNITURE CO. v. UNION PASTE CO.**

Civ. Nos. 8742, 8743.

United States District Court
D. Massachusetts.

Feb. 17, 1950.

Dallace McLennan, Winston-Salem, N. C., Julius C. Smith, C. H. Wharton, Armistead W. Sapp, Beverly C. Moore, McNeill Smith, Richard L. Wharton, all of the firm of Smith, Wharton, Sapp & Moore, Greensboro, N. C., Alfred Gardner, Boston, Mass., for J. C. Spach Wagon Works, Inc.

Dallace McLennan, Winston-Salem, N. C., Armistead W. Sapp, McNeill Smith, Richard L. Wharton, all of the firm of Smith, Wharton, Sapp & Moore, Greensboro, N. C., Alfred Gardner, Boston, Mass., for Globe Parlor Furniture Co.

Joseph W. Worthen, Erland B. Cook, Boston, Mass., Leon F. Sargent, Powers & Hall, Boston, Mass., for defendants.

SWEENEY, Chief Judge.

The plaintiffs' oral motion to hold these actions in abeyance pending the determination of a similar action in North Carolina is denied. In the Carolina action there are many defendants, whereas in these the defendant is sued alone. The motion is therefore denied without prejudice to its renewal after the hearing on the defendant's contractual relationship has been determined.

The defendant's motion for a separate trial of the issue of whether or not there was any contractual relationship between the plaintiffs and the defendant is allowed under the authority of Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. This ought to be a comparatively simple issue to try as distinguished from a trial on the merits.